<span style="color:red">Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000460
04-JUN-2021
07:53 AM
Dkt. 50 MO</span>

NO. CAAP-19-0000460

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LISA MEADOR, aka LISA MEADOR-ABADELLA,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC161000098)

**MEMORANDUM OPINION**
(By:  Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Lisa **Meador**, also known as Lisa Meador-Abadella, appeals from the "Judgment; Conviction and Probation Sentence" entered by the Circuit Court of the Second Circuit on May 23, 2019.[1]  For the reasons explained below, we vacate Meador's sentence and remand for resentencing.

On February 3, 2016, Meador was charged by felony information with insurance fraud in violation of Hawaii Revised Statutes (**HRS**) §§ 431:2-403(a)(1)(B) and 431:2-403(b)(2) (Count 1), and attempted theft in the second degree in violation of HRS §§ 705-500, 708-830(2), and 708-831(1)(b) (Count 2).  She pleaded not guilty.

On February 28, 2019, pursuant to a plea agreement, Meador moved to change her plea to no contest (**COP**) and requested

---

[1]     The Honorable Richard T. Bissen, Jr. presided.

a deferred acceptance of her no contest plea (**DANCP**).[2]  A copy of the plea agreement was attached to the COP.  The plea agreement stated, among other things:

> The Defendant may move for a deferral of her plea and the the [sic] State will agree to stand silent regarding the deferral provided that Defendant accepts responsibility for her conduct throughout the proceeding.

Sentencing was set for May 23, 2019.

The circuit court's Adult Client Services Branch prepared a pre-sentence diagnosis and report (**PSI**).  The PSI reported: "The defendant declined to comment on juvenile arrest history at the direction of her counsel."  At the sentencing hearing the circuit court and defense counsel engaged in a lengthy dialog about whether Meador was eligible for a DANCP in light of HRS § 853-4.[3]

> THE COURT:  One of the -- is one of the requirements of the deferral, um, or her eligibility, is whether or not she's had any prior record?
>
> [DEFENSE COUNSEL]:  Um --
>
> THE COURT:  Is that one of the conditions?
>
> [DEFENSE COUNSEL]:  I can't say that, your Honor.

---

[2]  HRS § 853-1 (2014) provides, in relevant part:

**Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.** (a) Upon proper motion as provided by this chapter:

> (1)  When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
>
> (2)  It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and
>
> (3)  The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,

the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

[3]  HRS § 853-4(a) (2014 & Supp. 2018) sets forth 15 circumstances under which a defendant may not be granted a deferred acceptance of a guilty or no contest plea.

Um --

THE COURT: Well, it's in the statute; right?

[DEFENSE COUNSEL]: Yes.

THE COURT: So her prior record does affect whether or not she's eligible? That **people with certain convictions are not eligible, in other words**.

[DEFENSE COUNSEL]: I would say so. Yes, your Honor.

THE COURT: Because, um, **one of the things that were** [sic] **disturbing in this [PSI] report is that she refused to comment on any prior record at your direction** at the probation officer's, ah, position. Which -- which is okay, unless you're asking for a deferral.

[DEFENSE COUNSEL]: Well, your Honor, the government has (inaudible) resources, you know, National Data Base that they utilize in every case, your Honor. And there are certain situations --

THE COURT: I'm familiar with that.

[DEFENSE COUNSEL]: -- such as in juvenile court, um, some of those adjudications are basically not accessible.

So to the point that I believe, Judge, the government has its resources --

THE COURT: No, that's all true, except if you ask for a deferral. **When you ask for a deferral, you have to show that you're eligible**.

[DEFENSE COUNSEL]: I think she's eligible. The government has not disproven that her --

THE COURT: Well, you just said they don't have her -- they don't have any of the juvenile records, if she has any.

[DEFENSE COUNSEL]: To me it's not a defendant's, um --

THE COURT: No, it's the movant. You're the movant. I'm not saying if there's a defendant or not, but **a movant has a -- has a -- has a responsibility to prove eligibility**. Since you're just reading the statute to me, I was just pointing that out.

[DEFENSE COUNSEL]: She is eligible -- she is eligible because there's no evidence that she's not eligible, your Honor. So, in other words --

THE COURT: Okay.

[DEFENSE COUNSEL]: -- so, in other words, the -- the record stands, your Honor. She is eligible.

And if the Court were to use, you know, her election, ah, not to arguably confess a crime, right, as far as the innocence, the courts have held that you can't use that to sentence someone, your Honor.

THE COURT: I'm not -- no, listen. I'm specifically

talking about the deferral statute. I'm not talking about her sentence. ***I'm talking about her deferral request as the movant.***

The first -- ***the first threshold is eligibility.*** Now, when you say it can't be used against her, ah, you can't hide behind it either.

[DEFENSE COUNSEL]: The government, if it has information --

THE COURT: Sure.

[DEFENSE COUNSEL]: -- available at its resource, which we know the government has National, they have Hawaii Data Base --

THE COURT: Correct.

[DEFENSE COUNSEL]: -- because I've engaged and you've engaged in that --

THE COURT: ***So you're telling me she doesn't have a record then; right?***

[DEFENSE COUNSEL]: ***I'm not commenting on that, Judge.*** I'm not commenting --

THE COURT: Why not? Why not?

[DEFENSE COUNSEL]: ***Because we do not have the burden, your Honor --***

THE COURT: ***Oh, yes, you do.***

[DEFENSE COUNSEL]: Well, I -- I didn't receive --

THE COURT: You are moving for a deferred acceptance of no -- the State's not moving for it. You're moving for it.

[DEFENSE COUNSEL]: Where in the statute does it say, your Honor, that we have to show eligibility. [sic] To me I read it as --

THE COURT: Where does it say it? Where does it -- where does it say it? It says it right in the chapter.

[DEFENSE COUNSEL]: That she -- if she -- there are certain exceptions of ineligibility, your Honor.

THE COURT: This chapter shall not apply when, and then it gives about, oh, I don't know, four -- 15 -- 15 things that you [sic] make you ineligible.

[DEFENSE COUNSEL]: Right, your Honor.

THE COURT: So you don't think you have to show that?

[DEFENSE COUNSEL]: I -- I believe the government has the burden to prove ineligibility.

THE COURT: Wow, okay.

[DEFENSE COUNSEL]: And I believe so, your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: Otherwise -- otherwise it's like the courts have not allowed a sentencing court to use someone's, let's say, refusal to admit guilt against them at sentencing for enhancement purposes or not.

So I believe, Judge, the govern -- the government, with its resources, has every --

THE COURT: Okay, where does that -- where do you get that from? What -- what --

[DEFENSE COUNSEL]: From case law, your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: People when they -- when they insist of their innocence and a sentencing court says, well, you haven't plead [sic] or haven't admitted guilt or responsibility, that that can not be used against them (inaudible) enhanced sentencing.

So I say, Judge, by analogy, the government if -- if it shows ineligibility, I can see as a matter of law that she's not eligible.

In this case there's no information, your Honor. And I ask the Court to not impose the govern -- the defendant, okay, to comment on any prior arguably drug history or criminal history in a matter of sentencing, your Honor. And I -- I feel that the Court, because she's exercising that right --

THE COURT: What right was that? The right of what?

[DEFENSE COUNSEL]: The right of her not to comment on any of her criminal drug history or criminal history. That's for the government, your Honor. And the government itself.

So I see the record is, your Honor, and **I see a frown on your face** that you --

THE COURT: Well, I'm curious by you're saying that it's the government, um, burden, I suppose. But okay. We might disagree, but that's fine.

[DEFENSE COUNSEL]: Okay. Well, I hope that this isn't the aspect if you do deny it, that that is it. Let's say you're looking at enhancing sentencing or looking at a prior conviction, what is the government's role in proving that?

THE COURT: Okay. Let me come -- if you're going to compare, I mean compare apples to apples.

If there's enhanced sentencing, the government has the duty of proving that the person qualifies for an enhanced sentence. Let's say a mandatory minimum term.

They must prove that the person committed a felony that's an -- that's an included offense, included felony, that it occurred within the certain time period, and this is

the same defendant.  So you're absolutely right.  That is a fair analogy.

So you must do the same thing as the movant for a deferral.  It's your burden.  The State doesn't have to disprove it.

[DEFENSE COUNSEL]:  With all due respect, your Honor, I disagree.  The government with its resources, if it finds, and I -- again, *I see you frowning* at me, your Honor.  I'm just standing by my position that I hope that you don't use the government's -- or rather the defendant's silence to, ah, preclude her from the opportunity of a deferral when I believe the --

THE COURT:  *The defendant can remain silent at all stages.  But if you're the movant, you have the burden of proof.  That's all I'm explaining.*  And I think that's just basic -- basic black letter law.  A movant has the burden.  You're the movant.  If you're not moving for it, it's not even -- we're not even talking about it.  The State's not moving for it.

[DEFENSE COUNSEL]:  I believe -- I believe the record, as it stands, she's eligible.

THE COURT:  *The record is incomplete, Counsel, at best, or being hidden at worst.  So that's the record.*

[DEFENSE COUNSEL]:  Well, no, your Honor --

THE COURT:  *It's right in here.  The defendant has knowing -- no history of probation (inaudible) incarceration.  She declined to comment on prior corrections history at the direction of her defense counsel.  That's what it says [PSI].*

[DEFENSE COUNSEL]:  So what information are you saying that she's --

THE COURT:  I don't know the information.  You're not disclosing it.

[DEFENSE COUNSEL]:  That's the whole point, your Honor.

THE COURT:  What is the whole point?  *You know something that we don't know and you don't want to share it.  That's fine.  You don't have to.  But don't come in here asking for something when you know something that you don't want to share.*  Come on now, let's be fair.

[DEFENSE COUNSEL]:  I believe, your Honor, you are housing [sic] an inference to be used negatively against the defendant --

THE COURT:  Cause an inference?

[DEFENSE COUNSEL]:  A negative inference.  A negative inference against her and I believe (inaudible).

THE COURT:  You can finish your argument.

[DEFENSE COUNSEL]:  Thank you.

> Judge, I hope, given this discussion, that's not something that you would use against the defendant because as the record stands now, she is eligible.
>
> Now, she --
>
> THE COURT: I don't know that. ***I don't know that she's eligible, Counsel. That's all I'm telling you.*** But go ahead.
>
> [DEFENSE COUNSEL]: All right. So she's pleaded, the three conditions that I hope the Court can find under [HRS § 853-1]. She has disposed of her case prior to trial commencing.
>
> Two. We believe that the ends of justice should be served by granting her the opportunity to prove to you that she is worthy of a deferral, because whatever conditions of deferral probation you impose, could be a lot of conditions, that if she complies with it, at the end of her four years, Judge, that she is worthy to keep her record clean.
>
> And lastly, your Honor, given her situation, your Honor, given her situation as this defendant you can see that she is struggling with, um, her pain management as a result of accidents that resulted in a spinal fusion, that you could help her, okay.
>
> And these conditions (inaudible), but more importantly, Judge, that you can find that she is likely, with your assistance with these conditions of deferral, that she will not likely commit further acts of criminal (inaudible).
>
> If I may, your Honor, with the kind of policy that the legislature has given in discretion to your Court, and given the state of the record, your Honor, she's eligible and she's met those three conditions. We ask you to grant the deferral. Thank you.
>
> THE COURT: Any sentencing argument? Any more sentencing argument? That was just you incorporated that into your motion?
>
> [DEFENSE COUNSEL]: Yes, your Honor.
>
> THE COURT: All right.

(Emphasis added.)

The circuit court then asked the State for its position. The State responded:

> Um, your Honor, we -- we'd ask the Court to follow the plea agreement. Um, ***regarding her eligibility*** --
>
> . . . .
>
> Ah, ***we'd defer to the Court*** whether the -- um, the -- ***regarding the eligibility of the defendant for the deferral***, as well as, um, the other factors regarding the possibility of recidivism as well. So we would defer to the Court, ah, ah, as stated in the, ah, plea agreement.

(Emphasis added).

The circuit court denied Meador's motion for DANCP:

> All right.  The Court is going to impose, ah, the following sentence.
>
> As to the request for a, ah, deferred acceptance of a no contest plea, that's denied.  The Court can not make the findings, ah, that are required.  While I can agree that the defendant has voluntarily pled prior to trial, **the Court can not make the finding that the defendant is unlikely to reoffend, ah, nor can the Court make the finding that the defendant -- the ends of justice and the welfare of society do not require that she presently suffer the penalty imposed.**  And therefore, the Court denies that motion.

(Emphasis added.)  This appeal followed.

Meador asserts a single point of error: "The government breached the parties' plea agreement by failing 'to stand silent regarding the deferral' and responding to the court's invitation to comment on Meador's motion for DANCP."  "A dispute over the meaning of a plea agreement involves questions of fact, and an appellate court's examination of factual determinations rendered below is governed by the 'clearly erroneous' standard."  State v. Adams, 76 Hawaiʻi 408, 411, 879 P.2d 513, 516 (1994) (citation omitted).  The issue of whether the State breached the terms of a plea agreement is reviewed de novo under the right/wrong standard of review.  State v. Miller, 122 Hawaiʻi 92, 101, 223 P.3d 157, 166 (2010).

Meador's plea agreement required that the State "stand silent regarding the deferral[.]"  When Meador objected that the State had breached the plea agreement, the circuit court stated:

> I think the State did -- **did stay silent** on it.  They said they they'd defer to the Court --
>
> [DEFENSE COUNSEL]:  Um --
>
> THE COURT:  -- they take no position.
>
> [DEFENSE COUNSEL]:  -- they seem to be more than that, your Honor.
>
> THE COURT:  They say more what?
>
> [DEFENSE COUNSEL]:  More than that.
>
> THE COURT:  You think they are opposing it?
>
> [DEFENSE COUNSEL]:  No.

8

THE COURT:  Okay.  All right.

[DEFENSE COUNSEL]:  They didn't seem to be strictly compliance [sic] to remaining regarding -- stand silent regarding the deferral provided the defendant.

I just want to be sure that to me the -- the clear language of the agreement should be strictly construed, your Honor.

. . . .

THE COURT:  The State stood up and said, we defer to the Court as to the granting of the deferral.

[DEFENSE COUNSEL]:  Ah, more -- he said more than that, your Honor.  Which seemed to lead into your questioning as to eligibility, which I --

THE COURT:  Yeah, he says he's leaving it up to me.  I mean I think that's what he said.

(Emphasis added.)

The plea agreement required that the State "stand silent regarding the deferral[.]"  At the sentencing hearing, when the circuit court asked the State for its position on sentencing, the deputy attorney general referred to the issue of Meador's eligibility for a DANCP.  The deputy attorney general said the State would "***defer to the Court*** . . . regarding the eligibility of the defendant for the deferral[.]"  The circuit court equated the State's deference to the court with silence.  But the plea agreement did not require the State to defer to the circuit court on, take no position on, or not oppose, Meador's DANCP; the plea agreement required that the State stand silent.  The State did not stand silent; the State deferred to the court's determination of Meador's eligibility for a DANCP ***after the circuit court clearly expressed its view that Meador had not sustained her burden to show she was eligible for a DANCP.***  The circuit court clearly erred when it found the State did stand silent.

The circuit court's explanation for denying Meador's DANCP appropriately recited the criteria stated in HRS § 853-1(a)(1)-(3).  The circuit court did not mention Meador's eligibility for a DANCP, or lack thereof, in announcing its decision.  The apparent lack of prejudice to the defendant, however, is immaterial.  In Miller the supreme court concluded that the State

9

breached its agreement to take no position on the defendant's motion for DANCP. 122 Hawai'i at 105, 223 P.3d at 170. The supreme court noted that "based on the breach alone, the case must be remanded in the interests of justice, ***regardless of prejudice***, because, in the case of a plea agreement, the prosecutor's promise must be fulfilled." Id. at 100-01, 223 P.3d at 165-66 (citing Santobello v. New York, 404 U.S. 257, 262 (1971)) (cleaned up) (emphasis added). The circuit court was wrong to conclude that the State did not breach the terms of the plea agreement.

Where the State breaches a plea agreement:

> either resentencing or withdrawal of a plea may be the appropriate remedy depending on the defendant's particular circumstances. In considering which remedy is appropriate, the trial court should give considerable weight to the choice of the defendant. A court ought to accord a defendant's preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State.

Adams, 76 Hawai'i at 414, 879 P.2d at 519 (cleaned up). In this case, Meador requests that her case be remanded for resentencing before another circuit court judge. That is an appropriate disposition under the circumstances of this case.

For the foregoing reasons, we vacate Meador's sentence and remand for resentencing before a different circuit court judge.

DATED: Honolulu, Hawai'i, June 4, 2021.

On the briefs:

Ryan K. Shinsato,
Special Deputy Attorney General,
State of Hawai'i,
for Plaintiff-Appellee.

Hayden Aluli,
for Defendant-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge